# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

ETIENNE HARDRE, and
SDG MURRAY, LTD d/b/a LOCALS BARBERSHOP, a Colorado limited liability company,

      Plaintiffs,

v.

COLORADO MINORITY BUSINESS OFFICE,
ROSY ABURTO MCDONOUGH, in her official capacity as Director of the Colorado Minority Business Office, and
JARED POLIS, in his official capacity as Governor of Colorado,

      Defendants.

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

Plaintiffs Etienne Hardre and SDG Murray, LTD d/b/a Locals Barbershop, by and through counsel, Lewis Kuhn Swan PC, submit their Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

### INTRODUCTION

1. This Complaint concerns Senate Bill 20B-001 ("SB1") which was passed by the Colorado General Assembly on December 3, 2020, and signed into law by the Governor of the State of Colorado on December 7, 2020.

2. Specifically, this Complaint seeks declaratory and injunctive relief related to the unconstitutional race-based classifications in SB1, including those in Section 8 of the bill which provide certain economic relief and stimulus only to minority-owned businesses. Those provisions will be codified at Colo. Rev. Stat. § 24-49.5-106.

3. Among other things, SB1 appropriates $4 million for COVID-19 relief payments for "minority-owned businesses." Excluded from this appropriation are businesses owned and operated by Caucasians. These businesses are excluded from participating in these relief payments for no reason other than the racial identities of the business owners.

## PARTIES

4. Plaintiff Etienne Hardre ("Plaintiff Hardre") is an individual who is domiciled in the State of Colorado. Plaintiff Hardre is Caucasian.

5. Plaintiff SDG Murray, LTD d/b/a Locals Barbershop ("Plaintiff Locals Barbershop") is a limited liability company organized under the laws of the State of Colorado. Plaintiff Locals Barbershop is a barbershop located in Colorado Springs, Colorado. Plaintiff Hardre owns more than 51% of the membership units of Plaintiff Locals Barbershop.

6. Plaintiff Hardre and Plaintiff Locals Barbershop are collectively referred to as "Plaintiffs."

7. Defendant Colorado Minority Business Office is a political subdivision of the State of Colorado created by Colo. Rev. Stat. §§ 24-49.5-101 *et seq*. Colorado created the Minority Business office to further the "goal of providing the best opportunities for minority business enterprises to enter the mainstream of Colorado's economy." Colo. Rev. Stat. § 24-49.5-101.

8. Defendant Rosy Aburto McDonough ("Director McDonough") is the Director of the Colorado Minority Business Office. Plaintiffs herein sue Director McDonough is her official capacity.

9. Defendant Jared Polis ("Governor Polis") is the Governor of the State of Colorado. Plaintiffs herein sue Defendant Polis in his official capacity.

10. The Colorado Minority Business Office, Director McDonough, and Governor Polis are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because this action arises under federal law, namely 42 U.S.C. § 1983 and the Equal Protection Clause in the Fourteenth Amendment to the Constitution of the United States.

12. This Court has personal jurisdiction over Defendants because this action arises out of their contacts with the State of Colorado and concerns their acts as officers of this State.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this action concerns acts and omissions of political departments of the State of Colorado.

## GENERAL ALLEGATIONS

*Special Session and Passage of SB1*

14. In November 2020, Governor Polis called a special session of the Colorado General Assembly to consider legislation to address and mitigate the economic impacts of the COVID-19 pandemic.

15. The Colorado General Assembly convened on December 1, 2020 for the special session called by Governor Polis.

16. SB1 was among the bills passed during the special session and enacted into law by Governor Polis on December 7, 2020. A copy of SB1 is attached as Exhibit 1.

17. Included in SB1 is an appropriation in the amount of $4 million for use by the Colorado Minority Business Office to provide "relief payments, grants and loans to minority-owned businesses." Exh. 1, § 8(2).[1] The bill further directs the Colorado Minority Business Office to use a portion of the funds for "to provide technical assistance and consulting support to minority-owned businesses across the state." *Id*., § 8(3).

18. The bill mandates that the Colorado Minority Business Office use a portion of the appropriated funds for "relief payments to minority-owned businesses that have been most impacted by COVID-19[.]" *Id*., § 8(2)(a)(I)(A).

19. SB1 expressly classifies individuals based on race. The legislation defines a "minority-owned business" as a "business that is at least fifty-one percent owned, operated, and controlled by an individual who is a member of a minority group, including an individual who is African American, Asian-Indian, Asian-Pacific American, Hispanic American, or Native American." *Id*., § 8(1)(c).

20. SB1 provides three primary forms of economic relief exclusively to minority-owned businesses: direct relief payments, grants and loans for startup capital, and funds to provide minority-owned business leaders with professional development and networking opportunities.

21. SB1 directs Director McDonough to establish a process for minority-owned businesses to apply for these economic stimulus benefits. A threshold requirement to applying, however, is that the business be "minority owned" as defined by SB1.

---

[1] Section 8 of SB1 will be codified at Colo. Rev. Stat. § 24-49.5-106, such that this citation will eventually be found at Colo. Rev. Stat. § 24-49.5-106(2). Plaintiffs cite to the bill itself.

22. Businesses owned primarily by Caucasians are not permitted to participate in this economic relief. This exclusion is based solely on the racial identity of the business owners.

*Economic Impacts of the COVID-19 Pandemic on Plaintiffs*

23. Plaintiff Hardre formed Plaintiff Locals Barbershop in 2014. Prior to the COVID-19 pandemic, Plaintiff Locals Barbershop was a successful small business employing a number of barbers.

24. Plaintiff Hardre depends on the income he generates from Plaintiff Locals Barbershop for his livelihood.

25. The COVID-19 pandemic has inflicted significant economic harm on the business revenue of Plaintiff Locals Barbershop and, by extension, on Plaintiff Hardre.

26. Among other things, Plaintiff Locals Barbershop was forced to shut down for several weeks during the beginning of the pandemic pursuant to an executive order issued by Governor Polis. Since that time, Plaintiff Locals Barbershop has had to reduce its operations to comply with social distancing and occupancy limitations imposed by Governor Polis and local health officials. Plaintiff Locals Barbershop has complied with all such requirements.

27. Plaintiff Locals Barbershop's year-over-year revenue has declined by over 33%. During the months of the government-mandated shutdown, Plaintiff Locals Barbershop's revenue was a tiny fraction of the same months in prior years.

28. Plaintiff Locals Barbershop continues to struggle financially because of the economic downturn precipitated by the COVID-19 pandemic.

29. To stay in business, Plaintiff Locals Barbershop would apply for any available economic assistance from the State of Colorado, including the economic relief payments

appropriated by Section 8 of SB1 that are currently reserved exclusively for minority-owned businesses.

30. Plaintiffs would likewise avail themselves of the technical assistance and consulting support provided in Section 8 of SB1.

## CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Violation of the Equal Protection Clause)

31. Plaintiffs incorporate the prior allegations of this Complaint.

32. 42 U.S.C. § 1983 provides a private right of action to those aggrieved by constitutional violations undertaken by state actors under color of law, including those at issue in this Complaint.

33. In relevant part, U.S. Const. amend., XIV, § 1 provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

34. SB1's provision limiting certain economic stimulus payments to minority-owned businesses violates the Equal Protection Clause of the Fourteenth Amendment by unconstitutionally making facial racial classifications.

35. Section 8 of SB1 is subject to strict scrutiny because it classifies individuals based on their race. The bill expressly limits certain economic stimulus to members of minority groups, including individuals who are "African American, Asian-Indian, Asian-Pacific American, Hispanic American, or Native American." Exh. 1., § 8(1)(c).

36. Defendants do not have a compelling interest in limiting the COVID-19 economic stimulus in Section 8 of the bill to members of the defined racial minority groups. In fact, SB1 itself acknowledges that "many small businesses in the state . . . have suffered severe declines in

revenue during the pandemic," *id*., § 1(1)(a), and that "small, minority-owned, and women-owned businesses among those most impacted by the pandemic[.]"*id*., § 1(1)(b).

37. Colorado has not identified with specificity in SB1 or otherwise the racial discrimination to be remedied by making facial racial classifications. In any event, Colorado does not have a strong basis in evidence upon which to conclude that remedial action is necessary with regard to any supposed racial discrimination that SB1 was intended to remedy.

38. Nor can Colorado prove SB1 is narrowly tailored even if it could demonstrate a compelling government interest. Among other things, Colorado could adopt race-neutral remedies, such as stimulus payments based on geographic areas or sectors of the economy most impacted by the COVID-19 pandemic.

39. Based on the foregoing, Section 8 of SB1 is facially unconstitutional.

40. Plaintiffs alternatively make an as-applied challenge to the minority-business provisions in SB1.

41. Plaintiff Locals Barbershop has been significantly impacted by the COVID-19 pandemic as described above and would be a candidate for relief for the economic benefits in Section 8 of SB1 if Plaintiff Hardre or his business were permitted to apply.

42. But for Plaintiff Hardre's race, Plaintiff Locals Barbershop would be qualified to apply for the economic benefits in Section 8 of SB1. Plaintiff Locals Barbershop, through its majority owner Plaintiff Hardre, would in fact promptly apply for said benefits if eligible to do so.

WHEREFORE, Plaintiffs respectfully request the Court:

(a) Declare the minority-business stimulus provisions in Section 8 of SB1 unconstitutional under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(b) Permanently enjoin Defendants from enforcing the race-based qualifications for the economic stimulus prescribed in SB1;

(c) Permanently enjoin Defendants from distributing any relief payments, loans, grants, or other economic support provided in SB1 due to race-based classifications;

(d) Award Plaintiffs damages from their exclusion from the economic stimulus in Section 8 of SB1;

(e) Award Plaintiffs their attorneys' fees and costs as permitted by law; and

(f) Provide such other and further relief as the Court deems just and proper.

Dated: December 8, 2020.

*/s/ Michael D. Kuhn*
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:   (719) 694-3000
Email:          plewis@lks.law
                    mkuhn@lks.law
                    aswan@lks.law

*Attorneys for Plaintiffs*

Plaintiffs' Address:
5230 North Nevada Avenue, Suite 120
Colorado Springs, CO 80918